UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

EDWARD H. FLINT
PLAINTIFF

v.  CIVIL ACTION NO. 3:11CV-275-S

JUDGE CHARLES R. SIMPSON III
DEFENDANT

## MEMORANDUM OPINION

The plaintiff, Edward H. Flint, filed this civil action on May 9, 2011. He sues United States District Court Judge Charles R. Simpson III in his individual capacity. Upon review, the court concludes that the plaintiff's claim is devoid of merit. The defendant, a federal judge, has absolute judicial immunity from suit. Accordingly, the court will dismiss this case pursuant to its authority under *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999).

The plaintiff's complaint alleges that the defendant is biased against him because he sued several state-court judges in 2009 and 2011. The plaintiff states that due to this bias, the defendant improperly recused in a federal case that the plaintiff filed in this court against Churchhill Downs. He states that defendant's decision to recuse harmed him physically and mentally and deprived him of due process. The plaintiff also alleges that the defendant failed to recuse himself in a case he recently filed against another judge of this court to make sure that the

plaintiff lost that case.  The plaintiff seeks money damages and removal of the defendant from the federal bench.

Generally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint. *See Apple v. Glenn*, 183 F.3d at 479.  However, where a complaint is "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion," the district court need not afford the plaintiff an opportunity to amend the complaint. *Id.* (citing *Hagans v. Lavine*, 415 U.S. 528, 536 (1974)).

Judges are entitled to absolute immunity for actions arising out of all acts performed in the exercise of their judicial functions. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Immunity applies even when the judge is accused of acting maliciously and corruptly." *Harlow v. Fitzgerald*, 457 U.S. 800, 815-19 (1982).  Such immunity is overcome in only two sets of circumstances:  "[f]irst, a judge is not immune from liability for non-judicial actions . . .; [s]econd, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." *Mireless*, 502 U.S. at 12.  Additionally, the only way to remove a federal judge from office is through the formal impeachment process. *Thornton-Bey v. Admin. Office of the*

<br>

*U.S. Crts.*, No. 10 1546, 2010 U.S. Dist. LEXIS 96011 at *2 (D.D.C. Aug. 31, 2010) (citing U.S. Const. art. I, § 3, cl. 6). A judge may not be removed from office as part of a civil action. *Id.*

The plaintiff's allegations against the defendant in this case relate to actions he took as a judicial officer of the court. Moreover, the plaintiff has not shown that the defendant acted in the absence of jurisdiction on his cases. The plaintiff's allegations that the defendant acted maliciously with the intent to harm him are not sufficient to overcome judicial immunity.

Upon review, the court concludes that *sua sponte* dismissal under *Apple v. Glenn* is appropriate because it is "no longer open to discussion" that the plaintiff's claims are devoid of all legal merit. *See Metzenbaum v. Nugent,* 55 F. App'x 729 (6th Cir. 2003) (upholding district court's *sua sponte* dismissal of a complaint under *Apple v. Glenn* because the named defendant, a judge, was entitled to absolute judicial immunity); *Forbush v. Zaleski,* 20 F. App'x 481 (6th Cir. 2001) (same).

Accordingly, the court will enter a separate order of dismissal.

Signed on  May 10, 2011

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**